State, Perkins, pros., v. Bishop, Collector of Willingborough.

THE STATE, DANIEL M. PERKINS, PROSECUTOR, v. BENJA-MIN F. BISHOP, COLLECTOR OF WILLINGBOROUGH.

1. Nothing short of a strict compliance with the requirements of the twentieth section of the tax law of 1866 will justify either the assessor or the commissioners of appeal in allowing the deduction provided for in that section.

2. This deduction must be applied for in the township where the person claiming it resides, and cannot be allowed in any other township.

3. That the several taxes are blended together, and that the duplicate does not show directly the value per acre of the land assessed, held to be objections going merely to the form, and not to the substance of the assessment, and insufficient since the act of 1852, (March 26th,) to justify the court in setting it aside. Under the tax law of 1866, (April 11th,) a resident of this state must be assessed for all his personal property in the township where he resided on the day prescribed by law for commencing the assessment, and if assessed in another township for any part of his personal property, although it may be actually located in that township, such assessment will, to that extent, be set aside.

State, Perkins, pros., v. Bishop, Collector of Willingborough.

On *certiorari.* In matter of taxation.

Argued before BEDLE, WOODHULL, and SCUDDER, Justices.

For prosecutor, *E. Merritt.*

For defendant, *F. Voorhees.*

WOODHULL, J. The prosecutor, being a resident of the township of Beverly, in the county of Burlington, was the owner of a farm situate in the township of Willingborough, in the same county, which was assessed for the year 1868 at $7,000.

There were two mortgages on the farm—one for $4,500, the other for $3,000—both held by residents of the county of Burlington, and one of them, the last named, by a resident of the township of Willingborough.

The reason first assigned and mainly relied on for setting aside this assessment is, that the prosecutor was assessed in the township of Willingborough for the full estimated value of his farm, without any deduction for the mortgage debts just mentioned, although the existence of such debts was known to the assessor.

That the assessor had knowledge of the encumbrances can make no difference in this case. Without a strict compliance on the part of the prosecutor with the requirements of the twentieth section of the tax law of 1866, the assessor could, under no circumstances, be justified in allowing a deduction from the assessed value of his property.

It is not alleged that the prosecutor ever made and delivered to the assessor the statement in writing, under oath or affirmation, required by that section ; and without this having been first done, the assessor is expressly forbidden to make any deduction. To have done so under the circumstances appearing in this case, would have been a palpable violation of his duty, and would, besides, have made him liable to indictment for a misdemeanor.

Another reason assigned is, that the commissioners of appeal in the township of Willingborough refused to deduct the

amount of the said mortgage debts, although the prosecutor applied to have the deduction made, and was ready and willing to make oath to the amount of said debts.

It does not appear that the prosecutor proved before the commissioners, by his own oath or otherwise, nor that he offered to prove, that he was prevented by sickness or other unavoidable accident from delivering to the assessor the statement required by the twentieth section of the act. Without such proof, made to the satisfaction of the commissioners, they had no authority to allow the deduction claimed, and would have incurred the hazard of an indictment if they had done so.

This was decided in the case of *State, Mount, pros.*, v. *Parker, Receiver, &c.*, 3 *Vroom* 341, and has been held in the cases of *The State, Tatum, Whithall & Co., pros.*, v. *McChesney, Collector, &c.*; *The State, Forst, pros.*, v. *Parker, Receiver, &c.*, decided at the present term.

But the case of the prosecutor presents another difficulty which seems to me to be insuperable. The deduction provided for by the twentieth section of the act is claimed by the prosecutor in the township of Willingborough, and not in the township of Beverly, where he resides.

The act requires that every person shall be assessed in the township or ward where he resides, *for all his personal* property, and for all his real estate within said township or ward. *Nix. Dig.* 951–2, § 6.* The twentieth section provides that "after making the valuation of the real and personal estate for which any individual shall be assessed, it shall be lawful for the assessor or for the commissioners of appeal in cases of taxation to deduct from *such valuation* any debt." &c. *Nix. Dig.* 955.†

But as no such valuation can be made, except where the individual assessed has his residence, the necessary inference is, that the legislature intended that the deduction, if made at all, should be made there, and not elsewhere.

In the case of *The State* v. *Pearson, Collector*, 4 *Zab.* 254, it was held that a resident of the township of Hamilton, in

---

* *Rev., p.* 1152, § 65.    † *Rev., p.* 1157, § 78.

the county of Mercer, was entitled to have a debt secured by mortgage on lands in another county, deducted from the assessed value of his property in the township where he resided. The provisions of the act of 1851, (*Acts, p.* 271, §§ 6, 7, 8,) under which that case was decided, and those of the act of 1866, involved in this case, are so nearly alike that if the question had been raised here whether the prosecutor was entitled to deduct the said mortgage debts from the assessed value of his property in the township of Beverly, where he resided, the case of *The State* v. *Pearson* would have been an authority in his favor, and must, therefore, be an authority against his right to a deduction anywhere else. For as there is nothing in the act to indicate that a deduction for debts can be allowed to any individual in more than one place for the same year, to show that it may be allowed in the township or ward where he resides is equivalent to showing that it cannot be allowed in any other township or ward.

It is further objected to the assessment that the duplicate does not show how much was for state, county, and other taxes, but all are blended in one. But the act of 1852, section one, (*Nix. Dig.* 946,*) provides that no assessment shall be set aside because the several taxes are blended together.

Another objection is, that the duplicate does not show the number of acres belonging to said prosecutor, nor their value.

It is true that the duplicate does not show directly the value per acre of the land assessed, but it states the number of acres to be one hundred and seven, and the assessed value is $7,000, data from which the value per acre may readily be ascertained; and this is all that the act requires. The assessor is to make out his duplicate so as to show the number of acres, &c., and " the value of the land "—not the value per acre—but the total value of the land assessed. But if this were not so, it is evident that the objection goes merely to the form, and not at all to the substance of the assessment. And the third section of the act of 1852 expressly forbids any return of taxes, &c., to be set aside " for any

* *Rev., p.* 1172, § 1147.

lack of form which does not impair the substantial rights of the plaintiff in *certiorari*."

The only error that I find in this assessment is, that it includes, besides the value of the prosecutor's real estate in the township of Willingborough, the further sum of $150 for his personal property in that township—making the total value assessed $7,150. The assessment as to the personal property is clearly erroneous. The prosecutor was entitled to be assessed for all his personal property in the township of Beverly, where he resided on the day prescribed by law for commencing the assessment; and the assessor of the township of Willingborough had no authority to assess him there for any part of his personal property, although it may have been actually located in that township.

The assessment as to the personal property must, therefore, be set aside; and as to the real estate, is affirmed.

BEDLE and SCUDDER, Justices, concurred.

CITED *in State, Shreve, pros., v. Crosley,* 7 *Vr.* 427 ; · *State, Robbins, pros., v. Merchantville,* 9 *Vr.* 213 ; *State, Savage, pros., v. Jones,* 10 *Vr.* 248 ; *State, Cummins, pros., v. Jones,* 11 *Vr.* 107.